**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-18-145** |
| | * | |
| **SEAN DEAN,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Defendant Sean Dean is currently detained at the D.C. Jail pending sentencing after he pleaded guilty to conspiracy to engage in sex trafficking of a minor. ECF No. 89. Pending before the Court is Mr. Dean's Emergency Motion for Release from Custody Due to Immediate Threat Posed by COVID-19 Pandemic. ECF No. 98. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Mr. Dean's Emergency Motion for Release is denied.

## I.    BACKGROUND

On March 8, 2018, Defendant was arrested and charged in a Criminal Complaint with sex trafficking of minors in violation of 18 U.S.C. § 1591. ECF Nos. 9, 9-1 ¶ 21, 28. On March 14, 2018, an Indictment was filed charging Mr. Dean and a codefendant with two counts of sex trafficking of a minor. ECF No. 25. Following an arraignment before United States Magistrate Judge Gina Simms on April 2, 2018 at which he pleaded not guilty to both counts, ECF No. 32, Mr. Dean was ordered detained by agreement of the parties, ECF No. 33. On October 29, 2019, following the filing of a Superseding Information charging Mr. Dean with conspiracy to engage

in sex trafficking of a minor in violation of 18 U.S.C. § 1594(c), ECF No. 85, Mr. Dean pleaded

guilty to the charge, ECF No. 89.

The plea agreement's Stipulation of Facts indicates that in late 2017 and early 2018, Mr.

Dean and a coconspirator knowingly conspired to recruit four girls under the age of 18 and one

18-year-old woman with the intention that they would engage in commercial sex acts. ECF No.

89-1 at 1. Defendant and the coconspirator rented hotel rooms in Maryland to be used for the

commercial sex acts, posted or assisted with posting of photographs and listings on

Backpage.com advertising the woman and girls for sexual services, transported them to the hotel

rooms and between hotels, and collected proceeds from the sex acts, which were performed with

multiple customers per day. *Id.* at 1–2. At times, Mr. Dean persuaded, enticed, and induced the

woman and girls through text messages to continue working for him and to pay him the proceeds

from their work. *Id.* at 2–3. When law enforcement responded to a hotel where Dean and the

woman and four girls were located, Dean fled the area and instructed the woman to delete her

text messages with him. *Id.* at 3.

The plea agreement stipulates that a sentence of 120 months of imprisonment is

appropriate and that Mr. Dean will be required to register as a sex offender as a consequence of

his conviction. ECF No. 89 at 7, 9. A sentencing hearing for Mr. Dean was scheduled for April

17, 2020 but was postponed to an undetermined future date pursuant to the District Court's

Standing Order 2020-07.[1] On April 20, 2020, Mr. Dean filed the pending Emergency Motion for

Release from Custody Due to Immediate Threat Posed by COVID-19 Pandemic. ECF No. 98.

---

[1] Standing Order 2020-07 addresses the District of Maryland's operations under the exigent circumstances created by the COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before June 5, 2020 until further Order of the Court.

The Government filed a response on April 23, 2020. ECF No. 99. On May 1, 2020, Mr. Dean

filed a Supplement to his Emergency Motion on the Court's public docket stating that he has

tested positive for COVID-19 since the Government filed its response. ECF No. 100 at 1. On

May 4, 2020, the Court issued an order directing the United States Marshals Service and the

District of Columbia Department of Corrections to produce Mr. Dean's medical records and a

report on his condition. ECF No. 102. The Court received the records and report the same day.

## II.     DISCUSSION

Mr. Dean's Motion asks the Court to grant him presentencing release in light of the

danger posed by the COVID-19 pandemic to individuals who are incarcerated. ECF No. 98. The

Motion focuses entirely on conditions at the D.C. Jail, in part as found by Judge Kollar-Kotelly

of the U.S. District Court for the District of Columbia in a Memorandum Opinion issued in the

matter *Banks v. Booth*, No. 20-cv-00849 CKK, 2020 WL 1914896 (D.D.C. Apr. 19, 2020). *Id.* at

3–5. Mr. Dean identifies no medical conditions that render him particularly vulnerable to serious

complications from COVID-19, nor does he engage in any individualized analysis of his

circumstances under the provisions of the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, that

govern confinement in advance of sentencing. His supplemental brief also offers no such

analysis and instead reiterates concerns about conditions in the D.C. Jail, questions the quality of

health care he is receiving there, and asserts that his presence in the facility poses a risk to other

inmates and staff. ECF No. 100 at 2–5, 7.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic,"

*United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020), and its

effect on virtually every sector of public life, *see United States v. Williams*, No. PWG-13-544,

ECF No. 94 at 3 (D. Md. Mar. 24, 2020). It is a rapidly evolving event about which the Court is

continually learning as much information as possible. *See United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). While the Court does not take lightly the seriousness of the pandemic, particularly for individuals who are incarcerated, the Court is still guided by the Bail Reform Act ("the Act") in determining whether to release an individual who has been convicted of an offense and is awaiting sentencing.

Mr. Dean's Motion requests release pursuant to 18 U.S.C. § 3142(i) of the Act. ECF No. 98 at 1, 5. However, that provision sets requirements for *pretrial* detention orders issued under § 3142(e) of the Act. Because Mr. Dean has pleaded guilty and is awaiting sentencing, the applicable provision is 18 U.S.C. § 3143(a)(2), as Mr. Dean acknowledges in his Supplement. ECF No. 100 at 8.[2] That provision states that a person awaiting sentencing for certain crimes identified by 18 U.S.C. § 3142(f)(1)(A)-(C), including the offense for which Mr. Dean has pleaded guilty,[3] "shall" be detained unless the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2).

Even if one of those two conditions is satisfied, the Court can only release a defendant if it also "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2)(B). The Court considers several

---

[2] The Court notes the Fourth Circuit's Order in *United States v. Creek*, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020). The court there directed District Judges considering COVID-19-based requests for temporary release from pretrial detention under 18 U.S.C. § 3142(i) to consider the severity of the risk that COVID-19 poses to the defendant and whether that risk, balanced against other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under § 3142(i). *See id.* While the Order in *Creek* does not explicitly apply to motions for release under other provisions of the Bail Reform Act, the Court has broadly applied the same mode of analysis in this case.

[3] 18 U.S.C. § 1594(c), to which Mr. Dean has pleaded guilty, is a provision of Chapter 77 of Part 1 of Title 18 of the U.S. Code. Under the definitions section of the Bail Reform Act, any Chapter 77 felony constitutes a "crime of violence." 18 U.S.C. § 3156(a)(4)(C). A "crime of violence" is among the offenses enumerated at 18 U.S.C. § 3142(f)(1) that trigger mandatory detention under § 3143(a)(2). Additionally, § 3143(a)(2) applies because the crime of conviction carries a maximum sentence of life imprisonment. *See* 18 U.S.C. § 3142(f)(1)(B).

factors in determining whether a defendant is likely to pose a danger, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance [or] firearm"; "the weight of the evidence against the person"; "the history and characteristics of the person . . ."; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). *See United States v. Davis*, No. GJH-17-0493, 2020 WL 1638687, at *2 (D. Md. Apr. 1, 2020).

Here, Mr. Dean has pleaded guilty and has not sought to withdraw his guilty plea, leaving no avenue for a motion for acquittal or a new trial, and his plea agreement binds the parties to recommend a sentence of 10 years of imprisonment. ECF No. 89. Accordingly, before even considering whether he has demonstrated that he is not likely to flee and does not pose a danger under § 3143(a)(2)(B), it is plain that he cannot meet the requirements of § 3143(a)(2)(A). Even if Mr. Dean's circumstances were such that he could meet those requirements, however, he has not even attempted to establish that he is not a danger to the community, let alone demonstrated it by clear and convincing evidence. Mr. Dean has admitted to sex trafficking of minors, a very serious offense. Further, as the Government notes, whether an offense involves a minor is a factor that § 3142(g)(1) specifically directs courts to consider in assessing the nature and circumstances of an offense. ECF No. 99 at 6 (citing 18 U.S.C. § 3142(g)(1)).

The Government also proffers that the victims of Mr. Dean's crimes are concerned that, if he is released, he will attempt to contact them and to influence their willingness to provide information for his forthcoming sentencing, to appear at the hearing, or to seek restitution. *Id.* at 7. Although the Court notes that the parties have reached an agreement as to the appropriate sentence, Mr. Dean's prior attempts to flee law enforcement and request the deletion of relevant

text messages lend some support to these concerns, which Defendant did not answer in his Supplement and which weigh heavily against him.

Instead, the Supplement argues that release is warranted under a separate provision of the Bail Reform Act, 18 U.S.C § 3145(c). ECF No. 100 at 8. That provision states that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The provision operates as a "safety valve to the mandatory detention rules" established by 18 U.S.C. §§ 3143(a)(2) and (b)(2). *United States v. Harris*, No. 19-356, 2020 WL 1503444, at *5 (D.D.C. Mar. 27, 2020). "In short, to obtain release under § 3145(c) pending sentencing, a prisoner (1) must demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others; and (2) clearly show that there are 'exceptional reasons' justifying his release." *United States v. Ashley*, No. RDB-06-0034, 2020 WL 1675994, at *3 (D. Md. Apr. 6, 2020) (citing *United States v. Mahabir*, 858 F. Supp. 504, 506 (D. Md. 1994)).

"'Exceptional reasons' are those that are 'clearly out of the ordinary, uncommon, or rare.'" Memorandum Order, *United States v. Keaton*, No. 8:18-cr-00215-TDC, ECF No. 84 at 2 (D. Md. Apr. 23, 2020) (quoting *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007)). Courts have held that the risk the COVID-19 pandemic presents to persons who are incarcerated may constitute an exceptional reason justifying release pending sentencing under § 3415(c) where the remaining requirements are met. *See id.* at 2, 6–7; *see also Harris*, 2020 WL 1503444, at *5–*6 (stating that "[t]he exceptional-reasons analysis is flexible and permits courts to respond to real-world circumstances in a pragmatic and common-sense manner" and finding that

"[t]he presence of COVID-19 is one such circumstance"); *United States v. Childs*, No. 8-19-cr-00181-DCC-7, 2020 WL 1910097, at *3–*4 (D.S.C. Apr. 20, 2020).

Here, Mr. Dean's medical records state that he was tested for COVID-19 on April 27, 2020, received a positive result on April 29, 2020, and has been placed in isolation since that time. According to the records, Mr. Dean has been evaluated by medical staff at least once per day since his test. During his visits, he has primarily reported a dry cough, though he has also reported a headache or body ache, chest tightness, and loss of taste during different visits. In general, the evaluation reports are notably thorough and indicate that Mr. Dean is receiving a substantial level of care from medical staff. The providers indicate that they have performed various diagnostic tests during each daily visit, not only those for assessing COVID-19 symptoms, and have spent time each day speaking with Mr. Dean not only about his current illness but also his general health and well-being. Each visit report also includes Mr. Dean's treatment history, which indicates that he has no underlying conditions that increase the risk of complications from COVID-19. *Cf. Keaton*, No. 8:18-cr-00215-TDC, ECF No. 84 at 5 (noting that the defendant's asthma and hypertension placed him at high risk); *Childs*, 2020 WL 1910097, at *3 (noting that the defendant's hypertension, gout, and diabetes create "significant risk for developing serious complications if he is infected with COVID-19").

In light of the reasonable level of care that Mr. Dean appears to be receiving, his relatively mild COVID-19 symptoms, his lack of underlying conditions, and the fact that he has made only conclusory and unsupported assertions that his medical care is inadequate, the Court concludes that Mr. Dean has not demonstrated "exceptional reasons" that would support his release.[5] 18 U.S.C. § 3145(c). Of course, even if Mr. Dean had set forth exceptional reasons that

---

[5] To the extent that Mr. Dean claims his continued presence within a D.C. Department of Corrections facility poses a risk to other inmates and staff, the Court finds that consideration valid but of only limited relevance in making the

met the statutory requirement, as previously discussed, he has failed to make any showing that he

is not likely to flee or pose a danger to the safety of others or the community. Accordingly, he

has failed to provide adequate grounds to justify his release under 18 U.S.C. § 3145(c). The

Court thus concludes that Mr. Dean must remain detained pending sentencing in this case.

## III.    CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District

of Maryland that Mr. Dean's Emergency Motion for Release from Custody Due to Immediate

Threat Posed by COVID-19 Pandemic, ECF No. 98, is **DENIED**.


Date: <u>May    6, 2020</u>                          <u>    /s/                              </u>
                                                            GEORGE J. HAZEL
                                                            United States District Judge

---

individualized determination directed by the Bail Reform Act. *See United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) (noting that "the Bail Reform Act requires an 'individualized determination' about the appropriateness of release for each defendant").